# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                Case No. 3:23-cv-188-TJC-LLL

LILLIEONNA JOY ANDERSON,

    Defendant.

## O R D E R

This case is before the Court on pro se Defendant Lillieonna Joy Anderson's Notice of Removal of Criminal Prosecution. (Doc. 1). Defendant removes the criminal prosecution under 28 U.S.C. § 1455 and states that this case is properly removed because the Honorable Julie Taylor allegedly violated Defendant's First and Fourteenth Amendment rights by not allowing Defendant to represent herself and by "ignoring" Defendant's motion to dismiss the criminal prosecution.[1] Id. at 2–3.

Removal of state criminal prosecutions is permitted under very limited circumstances and removal statutes must be strictly construed. Syngenta Crop

---

[1] From what the Court can ascertain, Defendant's criminal prosecution pertains to various traffic violations such as failing to have a valid driver's license, exceeding the speed limit, improperly changing lanes, and fleeing a law enforcement officer. (Doc. 1-1).

Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002). Section 1455(b)(1)–(2) provides the procedure for removing criminal prosecutions: a notice of removal must be filed no later than thirty days after arraignment[2] and the notice of removal must include all grounds for such removal. Sections 1442, 1442a, and 1443 provide limited bases for removal of criminal prosecutions. Sections 1442 and 1442a apply when the prosecution is against or directed to officers of the United States and members of the armed forces. §§ 1442, 1442a; see Morris v. Fla., No. 8:20-MC-37-T-30CPT, 2020 WL 5215300, at *1 (M.D. Fla. Aug. 17, 2020), report and recommendation adopted, No. 8:20-MC-37-T-30CPT, 2020 WL 5203514 (M.D. Fla. Sept. 1, 2020). Defendant does not assert that she is an officer of the United States or a member of the armed forces; thus, these bases do not apply.

> Section 1443 provides two other bases for removal: prosecutions
>
> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

"In Georgia v. Rachel, the United States Supreme Court articulated the two-prong test which a removal petition filed pursuant to § 1443(1) must satisfy." Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001). "First, the petitioner

---

[2] Defendant's arraignment was on February 7, 2023. (Doc. 1-1 at 10).

must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Id. (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). These rights do not include rights of "general application available to all persons or citizens. Id. (quoting Georgia, 384 U.S. at 792). "Second, the petitioner must show that he [or she] has been denied or cannot enforce that right in the state courts." Id. (citing Georgia, 384 U.S. at 794). Defendant does not describe in the notice of removal how her cause for removal relates to her race. See Morris, 2020 WL 5215300, at *2. Further, Defendant does not describe how she cannot enforce these rights in the state court. Section 1443(1) does not provide Defendant with a basis of removal.

Section 1443(2) is likewise inapplicable here. "The United States Supreme Court has held that removal under § 1443(2) 'is available only to federal officers and to persons assisting such officers in the performance of their official duties.' City of Greenwood, Mississippi v. Peacock et al., 384 U.S. 808, 815, 824 (1966) ('[W]e hold that the second subsection of [§] 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.')." Scheringer v. Johnson, No. 8:17-CV-982-MSS-AEP, 2017 WL 4278502, at *2 (M.D. Fla. Apr. 28, 2017). Defendant does not assert that she is a federal officer or a person assisting a federal officer in

the performance of an official duty. Remand is appropriate here. See § 1455(b)(4) ("The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."). Accordingly, it is hereby

**ORDERED:**

1. The case is **REMANDED** to the County Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

2. After remand has been effected, the Clerk shall terminate any pending motions or deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 24th day of February, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Pro se Defendant
2104 Monteau Drive
Jacksonville, FL 32210

Clerk, County Court Fourth Judicial Circuit, Duval County

Counsel of record

4